IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>DERRICK DEJUAN WOOTEN, )<br>)<br>Defendant/Petitioner. ) | Criminal Case No. CR-16-002-RAW<br><br>Civil Case No. CV-24-502-RAW |

## ORDER

Now before the court is the *pro se* motion to vacate sentence under 28 U.S.C. § 2255 ("§ 2255 motion") filed by Defendant Derrick Dejuan Wooten ("Defendant"). [CR Doc. 68; CV Doc. 1]. The Government filed a motion to dismiss the § 2255 motion as untimely filed. [CR Doc. 71]. Defendant did not file a reply.

The Tenth Circuit, in an order and judgment filed in 2017, provided the following background of this case:

> In 2016, a federal jury convicted Defendant Derrick Wooten of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At sentencing, the district court used the cross reference under U.S.S.G. § 2K2.1(c) to apply the attempted-murder guideline under § 2A2.1 and sentenced Wooten to 120 months' imprisonment. Wooten challenges this cross reference. Exercising jurisdiction under 18 U.S.C. § 3742(a)(2), we affirm.
>
> The incident leading to this cross reference began when Wooten received a phone call from his mother in November 2015. She said that "Chicago" (Demetrius Carey) was at her house threatening to kill her if he could not find Wooten. Wooten took his pistol and drove approximately three-quarters of a mile to his mother's house. He exited his vehicle with the pistol in his hand and exchanged words with Carey. When Carey moved his hands toward his beltline, Wooten began firing. Wooten fired approximately seven times from the area at the front of his mother's property as Carey fled. Wooten followed Carey down the street and around the corner, where Wooten fired at least one more shot. One of the rounds hit Carey in the face. According to the Addendum to the Presentence Report, the round entered at Carey's jawline and exited at the bridge of his nose. Carey was unarmed.

> Using the cross reference in U.S.S.G. § 2K2.1(c)(1)(A), the district court applied the attempted murder guideline in § 2A2.1 and found a total offense level of 37. That offense level, when combined with Wooten's criminal history category of III, provided a sentencing range of 262–327 months' imprisonment. But because 120 months is the maximum sentence for a felon in possession of a firearm under 18 U.S.C. § 924(a)(2), 120 months became the guideline sentence according to U.S.S.G. § 5G1.1(a). Based on this calculation and the 18 U.S.C. § 3553 factors, the district court sentenced Wooten to 120 months in prison and three years' supervised release.

*United States v. Wooten*, 696 Fed.Appx. 337, 338 (10th Cir. June 8, 2017) (unpublished) (footnote omitted). [CR Doc. 64 at 2-3].

Defendant now asks the court to vacate his sentence. He alleges "that it is unconstitutional for the 922(g)(1) statute to criminalize firearm possession by a felon based on their prior conviction." [CR Doc. 68 at 1]. Defendant briefly refers to a Supreme Court case, *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), arguing that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home. *Id*.

The Government filed a motion to dismiss Defendant's § 2255 motion. [CR Doc. 71]. Citing 28 U.S.C. § 2255(f), the Government contends that the § 2255 motion is time-barred. *Id*. at 3. The court agrees with the Government.

Section 2255 motions are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A federal prisoner typically has one year from the date on which his conviction becomes final to file a motion for habeas corpus relief. *See* 28 U.S.C. § 2255(f)(1). In the case at hand, Defendant's judgment of conviction became final on October 2, 2017, when the Supreme Court denied his petition for certiorari. [CR Doc. 67]. Therefore, Defendant needed to file his § 2255 motion on or before October 2, 2018, for it to be timely under § 2255(f)(1). Defendant did not file his § 2255 motion until December 31, 2024, which was more than *six years* beyond the one-year filing deadline. Defendant's § 2255 motion is not timely under § 2255(f)(1).

Next, evidently relying on § 2255(f)(3), Defendant cites *Bruen* as the basis for his challenge to the constitutionality of 18 U.S.C. § 922(g)(1). Putting aside the applicability of *Bruen* to the case at hand, the undersigned notes that *Bruen* was decided on June 23, 2022. The one-year deadline to file a motion pertaining to *Bruen* would have expired on June 23, 2023. Defendant's § 2255 motion was filed on December 31, 2024, approximately *18 months* after the one-year statute of limitations under § 2255(f)(3) expired. Accordingly, the § 2255 motion is also untimely under § 2255(f)(3).

Lastly, the Government correctly points out that "Defendant has not alleged any impediment to filing his § 2255 motion earlier nor has he argued that his motion rests on newly discovered facts." [CR Doc. 71 at 3]. Therefore, § 2255(f)(2) and § 2255(f)(4) are inapplicable. Moreover, Defendant makes no argument that equitable tolling should apply. Defendant's § 2255 motion should be dismissed as time-barred.

A certificate of appealability may issue only if Defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When the district court dismisses a § 2255 motion on procedural grounds, a defendant must satisfy a two-part standard to obtain a certificate of appealability. Defendant must show "jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at hand, it is clear that Defendant's § 2255 motion is untimely, meaning Defendant cannot overcome the second part of

the standard. Since the second part has not been established, there is no need to address the first part of the standard. This court hereby declines to issue a certificate of appealability.

The Government's motion to dismiss Defendant's 28 U.S.C. § 2255 motion [CR Doc. 71] is GRANTED. Defendant's motion to vacate sentence under 28 U.S.C. § 2255 [CR Doc. 68; CV Doc. 1] is hereby DISMISSED as time-barred.[1] Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this court hereby declines to issue a certificate of appealability.

It is so ordered this 4th day of April, 2025.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[1] The motion, files and records of this case conclusively show that Defendant is entitled to no relief. Thus, no evidentiary hearing was held.